## Towles v. Perkins.

(Decided Nov. 4, 1936.)

J. MARSHALL McCANN for appellant.

T. B. McGREGOR for appellee.

Opinion of the Court by Judge Rees—Reversing.

An automobile owned and driven by J. M. Perkins collided with a truck on the Leestown pike, near the city of Frankfort. Perkins was not injured, but his automobile was badly damaged. He brought this action against J. B. Towles, the alleged owner of the truck, to recover the sum of $850, the difference between the fair market value of the automobile immediately before and after the accident. He also alleged that he had been deprived of the use of his automobile from January 24, 1935, the date of the accident, until March 26, 1935, and that the reasonable value of the use thereof during that time was $300, and he sought to recover that sum in addition to his other damages. The jury returned a ver-

dict in Perkins' favor for $750, and the defendant appeals.

The defendant offered no evidence at the trial, but stood on his motion for a peremptory instruction which was overruled. He now insists that the court erred in overruling his motion for a directed verdict in his favor, and also in giving instructions.

The plaintiff testified that as he was driving along the road near Leestown, just out of Frankfort, he saw a large truck approaching from the opposite direction. The road was slick, and the truck was weaving back and forth across the road. He turned his automobile to the right and stopped it on the extreme right side of the road. The driver of the truck, as he passed plaintiff's car, attempted to turn his truck to the right, but the rear of the truck swerved to the left and struck the automobile. This was the only proof concerning the accident. There was not an iota of testimony as to the ownership of the truck or the identity of its driver. It was essential that plaintiff should prove, not only the amount of his damages and that they were caused by the defendant's negligence, but that the truck was owned by the defendant and operated at the time of the accident by his agent. Having failed to prove one of the essential elements entitling him to recover, the defendant's motion for a peremptory instruction should have been sustained.

It is suggested that there was no denial of the ownership of the truck or the agency, and that these questions were not in issue. The affirmative matter in plaintiff's petition, amended petition, and substituted amended petition was traversed of record, and the defendant pleaded contributory negligence. The order traversing of record the affirmative matter in plaintiff's pleadings was an agreed order, and the affirmative matter in defendant's answer was likewise traversed of record by agreement. The affirmative allegations of the petition, as amended, were thus put in issue, and the burden was on the plaintiff to introduce proof concerning them. Union Gas & Oil Co. v. Gillem, 212 Ky. 293, 279 S. W. 626; Kentucky Union Railway's Receiver v. Conner, 31 S. W. 467, 17 Ky. Law Rep. 426. The petition alleged that J. B. Towles was the owner of the truck, and that his agent and servant in charge of its operation negligently and carelessly operated it at the time

it ran into and damaged the plaintiff's automobile. The order, controverting of record all affirmative matter in the pleadings, raised an issue as to the ownership of the truck, and some proof tending to show that defendant was the owner was necessary to authorize a submission of the case to the jury.

In instruction No. 4 the court told the jury that, if they found for the plaintiff, they should find for him the fair value of the time lost by him of the daily use and service of his automobile, by reason of the injury, not exceeding the sum of $5 per day from January 24, 1935, up to and including March 26, 1935, or in all not to exceed $300. This instruction is erroneous, in that it fails to give the proper measure of damages for the loss of the use of personal property which has been damaged. It put no limit upon the time during which damages could be assessed, other than the time fixed by the plaintiff. A person whose automobile is damaged by the negligence of another is entitled to compensation for the loss of its use if its use is necessary in his business, but he is only entitled to compensation for such length of time as may be reasonably necessary to repair it. The rule is thus stated in Southern Ry. in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162, 1163:

"The rule is that, where an injury to personal property necessarily results in the loss of the use of the property while it is being repaired, the owner may also recover the reasonable value of its use during a period reasonably necessary to effect such repairs, made necessary by the injury, as were required to place the property in a condition equal to, but not better than, that in which it was immediately prior to the injury."

Here, no proof was introduced as to the time reasonably necessary to effect the repairs, but the court submitted this element of damages in an instruction which authorized the jury to award plaintiff compensation for the loss of the use of the automobile for a period of two months without a showing that this period of time was reasonable. The owner of an automobile which has been injured by the negligence of another is entitled to recover the amount which will compensate him for his loss, and the measure of his damages is the difference between the reasonable market value of the automobile immediately before and immediately after the injury, to-

gether with the value of its use during the time required, by the exercise of proper diligence, to procure its repair. Where the automobile is used solely for pleasure, there is some conflict in the authorities as to the owner's right to recover the value of its use during the time he was necessarily deprived of it, but in most of the jurisdictions his right to recover is recognized. That question is not presented, however, since the evidence showed that plaintiff used the automobile in his business, and the general rule is that the owner of an automobile used for business purposes is entitled to recover, as an element of his compensatory damages, its usable value during the time reasonably necessary for repair. Louisville & I. R. Co. v. Schuester, 183 Ky. 504, 209 S. W. 542, 4 A. L. R. 1344, and annotation to Chambers v. Cunningham, 78 A. L. R. 912. We find no prejudicial errors in the other instructions.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.