## Anderson v. Shields et al.
## Anderson v. Roberts et al.

December 5, 1950.

E. D. Stephenson, Judge.

Kenneth A. Howe for appellant.

V. R. Bentley and L. D. May for appellees.

JUDGE KNIGHT—Reversing.

These cases, which were consolidated and tried together, arose out of the same automobile accident which occurred at about 8:30 p. m. on November 20, 1947. In the first case the appeal is from a judgment against appellant for $472.64 in favor of appellee, James Shields, and against which he files a cross appeal because he thinks the judgment is too small. The second appeal is from a judgment against appellant in favor of appellee, Kelley Roberts, for $157.

The two-way accident occurred on highway No. 80 in Pike county. Delmor Roberts, about 18 years of age, driving a car belonging to his father, Kelley Roberts, was returning from a high school play at Elkhorn City, accompanied by a young lady who was his only passenger. She lived at the home of Fred Fife on the left side of the highway at the scene of the accident and she was to leave the car at that place. They had been driving at between 30 and 35 miles per hour and behind them appellant, John Anderson, with two passengers in his car, was driving at approximately the same speed. As the Roberts car neared the Fife house where it was to stop, it slowed down, according to some of the testimony, to 15 or 20 miles per hour, evidently for the purpose of making the turn and stop. Here the two versions of what happened begin to conflict. According to the testimony of appellant, in which he is corroborated in general by the two passengers who were with him, he had been driving behind the Roberts car for about a mile, having also come from Elkhorn City. As the cars neared the Fife house, appellant decided he would go around appellee's car. As appellant started around the other car, he blinked his lights twice and blew his horn twice, yet, in spite of this, the driver of the Roberts car suddenly turned it to the left into the path of appellant's car, knocking it into the truck

of appellee, James Shields, which was sitting in front of the Fife house about three feet off the paved road, causing the damage to the truck for which Shields obtained his judgment in this consolidated case. According to appellant's testimony, the left front end of the Roberts car hit the front end of his car, that is, his left bumper and fender hit appellant's right bumper and fender. He further testified that Roberts gave no signal at all that he was making a stop or turn, but just turned left without signal and cut into him; that Roberts was driving about 30 miles per hour when appellant started around him and was making about the same speed when he turned left in front of appellant. One of appellant's witnesses, who was a passenger in his car, testified that the Roberts car had slowed down to 15 or 20 miles an hour when appellant started around him.

The version of the accident as shown by the testimony of Delmor Roberts, only witness on his side of the case as to how the accident occurred, was in substance that he had been driving at from 30 to 35 miles per hour from Elkhorn City but had slowed down to 15 or 20 miles per hour as he approached the Fife house where his companion, Miss Williams, lived; that as he slowed down, he gave the stop signal, that is, the brake signal which he says was in working order; that he glanced into his mirror but saw no car behind him; that as appellant started around him, appellant's car sideswiped his car, the cars locked together and went on toward the Shields truck which was struck by appellant's car; that he had not turned across the road or in front of appellant's car but was going straight ahead and was about 15 or 20 feet from where he would have turned to go in the Fife place; that the right front fender of appellant's car hit his left rear fender and the back part of the front fender.

It will be seen from this resume of the testimony that there are two conflicting versions of the accident and the liability of the respective parties depends on which side is giving the correct version of the accident. It is, of course, the province of the jury to weigh this conflicting testimony and, under proper instructions of the court, to decide these questions of fact. It is the basis of appellant's appeal and the principal ground on which he relies for reversal that the instructions

were erroneous in that they did not properly set out appellee's duty to make the signals required by KRS 189.380.

Under that section of the statute, the signal to turn or stop may be given either by hand and arm or by an electrical device. Both are not required. If a left turn is to be made, as appellant claims was done in this case, it was appellee's duty to so indicate by extending his arm horizontally in the absence of an electrical device which could have been used if the car was so equipped. Roberts admitted that he gave no hand signal and there was no proof that his car was equipped with any electrical device which could have been substituted therefor, the only signal given being the brake signal showing the word "stop."

Instruction No. 1, as given in each of the consolidated cases, did not adequately point out appellee's duties in this respect, the instruction simply saying "that it was his duty to give a continuous signal indicating his intention to so turn for the last 100 feet before turning his said car to the left." Under the evidence this could have confused the jury and have led them to believe that he had performed his sole duty by applying his foot brake to show a stop signal. A proper instruction would have included a sentence substantially as follows: "that it was his duty to give a plainly visible signal to the driver of plaintiff's car of his intention to turn by extending his hand and arm horizontally from and beyond the left side of his car continuously for not less than the last 100 feet traveled before turning." See Stanley's Instructions, 1948 Supp., Sec. 116, Page 43. Vinson v. Kissinger's Adm'r, 274 Ky. 606, 119 S.W.2d 628.

Appellant also contends that the instructions were erroneous in that they failed to set out the duty of appellee, Roberts, relative to stopping or slowing down. It is true that no reference to his duty in this respect was contained in the instructions but it is a matter of which appellant cannot here complain because the question of whether Roberts did or did not slow down as he neared the Fife house was an issue on which the proof was in conflict. If appellant wanted an instruction on this issue, it was his duty to offer one, which

he did not do. In a civil case it is not the duty of the court to give an instruction on a particular issue unless requested to do so. L. & N. R. R. Co. v. Stephens, 188 Ky. 1, 220 S.W. 746, and cases cited therein, and in Ky. Digest, Trials, Key 255(1). If the court gives an instruction, it must be correct but his failure to give one is not reversible error when not requested. If appellant desires such an instruction, one may be offered on the next trial.

Although appellant also appealed from the judgment against him in favor of James Shields, he apparently makes no complaint as to the amount of the judgment against him. The burden of his brief is that he is not responsible for the damage done to the Shields truck and that the responsibility for that damage, regardless of the amount, rests on appellee Roberts. The instruction as to the measure of damages for loss of the use of the truck was more favorable to appellee Shields than he was entitled to since it allowed recovery for all the time he was deprived of its use, 94 days in this case, even though that length of time could not have been anticipated and was caused, according to Shield's testimony, by shortage of or inability to get certain parts. He testified that the repair job would not ordinarily have required more than four weeks at best. We think the instruction as given, which was wide open for recovery of the full amount asked, was erroneous in that it failed to give the proper measure of damages for the loss of the truck which had been damaged. It put no limit on the time during which damages could be assessed other than the time fixed by the plaintiff. A person whose automobile is damaged by the negligence of another is entitled to compensation for the loss of its use, if its use is necessary in his business, but he is only entitled to compensation for such time as may be reasonably necessary to repair it. Towles v. Perkins, 266 Ky. 25, 26, 98 S. W. 2d 27. The instruction properly covered the damage to the truck, it being stipulated in the record that the cost of repair was $292.64.

For the reasons herein indicated, the judgment in each case is reversed for further proceedings consistent with this opinion.