## SHUFFITT v. MARTIN.

Court of Appeals of Kentucky.

May 28, 1954.

Leo J. Sandmann, Louisville, for appellant.

Joseph M. Hayse & Nellie S. Hayse, Louisville, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment entered upon a verdict in favor of appellee for $1,000 for the wrongful death of John Green Foster which resulted from the alleged negligent operation of an automobile by the appellant, Fred Shuffitt. The grounds urged for reversal will be considered after a statement of the pertinent facts.

On April 18, 1951, at about 7:25 p.m., John Green Foster, an elderly Negro, left the residence of his sister at 1449 South 12th Street in Louisville to return to his home which was located directly across 12th street. While attempting to cross the street in the middle of the block, Foster was struck and fatally injured by an automobile driven by the appellant.

In the block where the accident occurred, 12th street runs approximately north and south and is divided into four traffic lanes. The east center lane was provided for northbound traffic and the west center lane was used by vehicles traveling south. The two outer lanes were generally used for parking space for vehicles of persons living along the street.

Appellee's evidence was to the effect that when Foster started to cross from the east side of 12th street to the west side, no vehicles were in sight. About the time Foster started across the street, the automobile driven by Willie Taylor turned into 12th street off Hill street, which was approximately 300 feet south of the scene of the accident. The appellant's car followed the Taylor car from the intersection of Hill street north on 12th street in the east center traffic lane and when the appellant's car started to pass the Taylor car, the appellant's car came over into the outer west traffic lane and struck Foster when Foster was only a few feet from the curbing on the west side of the street. Appellee's witnesses estimated the speed of appellant's automobile from 35 to 50 miles per hour. It was shown that the Taylor car was traveling at about 20 miles per hour immediately prior to the accident and that Foster had crossed the street without any danger from Taylor's automobile.

Appellant testified that he stopped his automobile in obedience to the traffic light at the intersection of Hill and 12th streets and then turned off Hill street onto 12th street following the Taylor car north. He stated that when he reached a point about the middle of the block, he observed the lights flashing on Taylor's car, and reduced his speed, and as there was no other vehicle approaching him, he attempted to pass the Taylor car. He stated that when his car was about parallel with the Taylor car, Foster suddenly appeared in front of his car and that he did all he could to avoid hitting Foster, but Foster was struck by the left side of his car. Appellant admits that he did not sound his horn before attempting to pass the Taylor automobile.

Mary Taylor, who was a passenger in the automobile of her husband, Willie Taylor, testified that she saw Foster step off the sidewalk as he started across the street,

when the automobile in which she was a passenger turned into 12th street. Mrs. Taylor was of the opinion their car was traveling at about 20 miles per hour when the appellant's automobile passed them. She stated that Foster had passed in front of their car and had proceeded almost all the way across the street—"just ready to step on the curbing"—when appellant's car started to pass the automobile in which she was riding and struck Foster.

Appellant insists that his motion for a directed verdict should have been sustained because Foster was guilty of contributory negligence as a matter of law. He contends that Foster was negligent in crossing the street at a place other than at a crosswalk or intersection. While KRS 189.570(4)(a) provides that a pedestrian shall yield the right of way to vehicles at such places, it does not relieve motorists of the duty to exercise due care to avoid injuring pedestrians who cross streets at places other than those sanctioned by the statute. KRS 189.570(4)(d); Miracle v. Flannery's Adm'r, Ky., 259 S.W.2d 689.

Conceding that Foster was guilty of negligence in crossing the street at a place other than at a crosswalk, the question was whether or not Foster's negligence caused or contributed to his injury. Appellee's proof, although contradicted by appellant's evidence, shows that Foster had safely crossed the danger zone of traffic and had reached a point near the west curbing. We think appellee's evidence created an issue of fact on the question of Foster's contributory negligence, which was properly submitted to the jury. Miracle v. Flannery's Adm'r, Ky., 259 S.W.2d 689; B-Line Cab Co. v. Hampton, Ky., 247 S.W.2d 34; Ramsey v. Sharpley, 294 Ky. 286, 171 S.W.2d 427. Therefore, appellant was not entitled to a directed verdict.

Appellant further contends that the instructions were erroneous in that they failed to set out the duty of Foster to yield the right of way to the appellant's automobile. The bill of exceptions reflects that no written instructions were offered by the

appellant. It is an elementary principle that if appellant wanted an instruction on his theory of the case, it was his duty to offer one. In a civil case it is not the duty of the court to give an instruction on a particular issue unless an instruction is offered by the party requesting it. Anderson v. Shields, 314 Ky. 228, 234 S.W.2d 739. However, we have examined the instructions given and find that they properly submitted the issue in the case. In Remmers' Ex'r v. Mayhugh, 303 Ky. 366, 197 S.W.2d 450, which involved an accident similar to the one now before us, this Court approved the instructions which were almost identical with the ones given in the instant case.

Judgment affirmed.