Helen and C. L. BRYAN, d/b/a Paducah Consolidated Taxi Lines, a Partnership, Appellants,

v.

Arthur E. GILPIN, Appellee.

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Oct. 14, 1955.

Chas. A. Williams, Lloyd C. Emery, Paducah, for appellant.

Joseph J. Grace, Andrew J. Palmer, Grace & Palmer, Paducah, for appellee.

CLAY, Commissioner.

In this action plaintiff recovered $325 compensatory and $2,000 punitive damages against the defendants, the owners of a taxicab company in Paducah. The defendants' principal contention on this appeal is that they were entitled to a directed verdict, and we agree.

Plaintiff alleged in his complaint that on March 20, 1953, he was a passenger in one of defendants' taxicabs and was willfully

and maliciously assaulted and battered. He also alleged he was wrongfully ejected from the taxicab.

He testified that on that evening about 10:30 p. m. he had one of defendants' taxicabs called to transport him from the Floral Hall in Paducah to his home not far from Benton, about 25 or 30 miles from Paducah. He stated that he became a passenger in the taxicab, paid his fare in advance, and told the driver to wake him up when he got home. He thereupon promptly went to sleep in the front seat.

About 2:30 the next morning plaintiff awakened in a ditch about three or four miles the other side of his home. He had a black eye, a bump on his head and was scratched and bruised. He stated his money and his wrist watch were missing.

About six months later, after one of defendants' cab drivers died, plaintiff identified the deceased as the person who had driven the taxicab.

There was no evidence of any events between the time plaintiff started toward Benton, about 10:30 p. m., and the discovery of himself in the ditch about 2:30 the following morning. There was no evidence that plaintiff's injuries were caused by a human being. As a matter of fact, one of his witnesses testified that when he saw the plaintiff the next morning he looked as if "he might have fell in a ditch or something like that".

There was evidence the plaintiff had been drinking.

The cause of action upon which plaintiff bases his claim is that the defendants' taxicab driver willfully and wrongfully injured him by some physical act directed toward him. Negligence is not alleged, nor was it in any respect proven.

 Circumstantial evidence may be sufficient to prove a civil claim. However, such evidence must do more than suggest a possibility, and a recovery is not authorized if liability is a matter of conjecture, surmise or speculation. Oldfield v. Owens, 292 Ky. 183, 165 S.W.2d 952. If a jury is required to speculate, the party must lose upon whom the burden of proof ultimately rests. Welch v. L. R. Cooke Chevrolet Co., 314 Ky. 634, 236 S.W.2d 690.

It has been said that a fact is not proved by circumstances if they are merely consistent with the existence of the fact or if other inferences reasonably may be drawn from the evidence. 20 Am.Jur., Evidence, Section 1189. In some jurisdictions it has been declared that unless the facts are of such nature and so related as to make it the only conclusion that reasonably could be drawn therefrom, a theory cannot be said to be established by circumstantial evidence. Kelley v. Public Service Co. of Northern Illinois, 300 Ill.App. 354, 21 N.E.2d 43. In Missouri the rule is that where circumstantial evidence is such as would support either of two contradictory inferences respecting the ultimate facts, there is a failure of proof since it leaves the subject of liability in the field of conjecture. Muesenfechter v. St. Louis Car Co., Mo.App., 139 S.W.2d 1102.

In Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819, a brakeman was killed when he either fell from a freight car or was knocked from it by the collision with another string of cars. A witness had heard a loud crash before the accident. The loud crash could have been caused by other strings of cars in no way connected with the accident. The United States Supreme Court said, 53 S.Ct. at page 393:

"We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover."

 While this Court has not committed itself to a definitive rule, we are of the opinion that to entitle a plaintiff to go to the jury on circumstantial evidence the es-

sential proven facts upon which liability can be based must do more than suggest a possibility that the defendant was at fault. While we do not at this time go so far as to declare that circumstantial evidence must *exclude* all other inferences of non-liability, we believe the evidence must furnish some basis for the jury to decide that the probability of fault preponderates over the probability of innocence. See Vollkommer v. Menge, 118 N.J.L. 360, 192 A. 373.

■ It may be said that before a case is submitted to a jury on circumstantial evidence the proven facts must justify a fair inference of liability. An inference of liability is not a fair one if other inferences of non-liability are equally as reasonable.

In negligence cases we have held that where circumstantial evidence is equally consistent with the existence of negligence or the lack of it, a directed verdict for the defendant should be given. McAtee v. Holland Furnace Co., Ky.1952, 252 S.W.2d 427.

In the present case what happened to the plaintiff dwells in the remotest realm of speculation. The nature of his injuries was such that a jury could only guess what caused them. A jury must speculate as to how they were caused, by whom they were caused, why they were caused, and when they were caused. Of significance is the time lag between the Floral Hall and the ditch.

It is possible that defendants' driver committed a bodily assault upon the plaintiff. Under the proven facts, however, other possibilities are equally as plausible.

Since the only trip from Floral Hall that evening shown by defendants' records was to downtown Paducah, the plaintiff may have changed his mind about going home and become involved in other activities. Or he may have been taken home safely, and because of a subsequent blow rendering him unconscious have forgotten what happened the rest of the evening. Or he could have directed the driver to let him out near where he found himself and then have fallen over an obstruction or into a ditch, causing his injury and consequent loss of memory. Or the influence of intoxicants may have led to unrecalled incidents with which the taxicab driver had nothing to do.

We could go on indefinitely cataloging possibilities. This would not necessarily destroy the plaintiff's case except that many reasonable explanations of the plaintiff's injuries are as equally consistent with non-liability as with liability. With the scales evenly balanced, a jury could do nothing but speculate. Compare this case on the facts with Perry's Adm'x v. Inter-Southern Life Ins. Co., 248 Ky. 491, 58 S.W.2d 906.

■■ Plaintiff suggests that since it was the duty of the taxicab driver to exercise the highest degree of care to transport him to his destination, the fact that he did not arrive home safely is proof that the driver had failed in his duty. There are two answers to this contention. First, the plaintiff's claim is not based upon a breach of duty to transport safely, but upon a willful act designed to do bodily harm. Secondly, an injury while being transported by a common carrier does not itself establish a breach of duty. McDermott v. Louisville & N. R. Co., 182 Ky. 22, 206 S.W. 6; Gayle's Adm'r v. Louisville & N. R. Co., 163 Ky. 459, 173 S.W. 1113; Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107; and Southeastern Greyhound Lines, Ind. v. Chumley, 312 Ky. 154, 226 S.W.2d 777. A taxicab company is not an insurer of the general safety of its passengers for an unlimited time, and certainly the duty ends somewhat short of seeing the passenger safely to bed.

■ The proven circumstances in this case did no more than develop an intriguing problem concerning what happened to the plaintiff, the solution of which was so speculative that it should not have been submitted to the jury. A verdict should have been directed for the defendants.

The motion for appeal is sustained and the judgment is reversed.