BRADY, Justice.
The appellant, Dean Truck Line, Inc., sued the appellee, The Greyhound Corporation, in the Circuit Court of Lee County, Mississippi, to recover property damage resulting from a collision which occurred two or three miles south of Munsfordville, Kentucky, between the appellant’s partially loaded tractor-trailer unit and appellee’s bus. The appellee filed a counterclaim against the appellant to recover damages to its bus resulting from the collision. From a verdict and judgment for the appellee in the amount of $2,903, Dean Truck Line, Inc., appeals.
The pertinent facts are as follows: On July 20, 1963, at about 6:30 A.M., the Greyhound bus was traveling in a northerly direction on U. S. Highway No. 31 West. Highway No. 31 is a two lane blacktop or asphalt highway with each lane being eleven feet wide. It was raining and the highway was wet and slick, but visibility was good. There were six or eight vehicles traveling in a northerly direction in front of the bus, and appellant’s tractor-trailer unit was trailing the bus at a distance of about 300 feet. The bus was following the automobile immediately in front of it at a distance of about 10S to 110 feet.
This line of traffic was proceeding at a speed of approximately forty to fifty miles an hour. The traffic ahead of the bus, having gone through a dip in the highway, began to slow down and stop as it proceeded up an incline. When the bus driver attempted to slow down by applying his brakes, his wheels locked on the slick pavement. He released the brakes and applied them a second time, and they locked again. By that time he was close on the car immediately in front of him and he cut to the right shoulder of the road to get traction in order to slow down the bus. The right front wheels went off on the gravel of the shoulder of the highway and pulled the back of the bus into a clockwise skid. The bus was then approximately fifty or sixty feet behind the car, and continued to slide in a northerly direction toward the car.
After the bus went into a skid, the bus driver did not try to bring it out of the skid since he thought he had the choice of letting the bus plow into the car ahead of him or “come around into the bank.” The rear of the bus skidded toward the center of the highway as the front of the bus proceeded off the shoulder through a drainage ditch and into a mud embankment on the east side of the highway. The speed of the bus had decreased to about five to eight miles per hour when it hit the soft mud embankment. When the bus came to a stop, the rear of the bus was partially blocking the highway. It is undisputed that the rear of the bus was blocking the lane carrying the northbound traffic. There is a dispute in the testimony as to whether the rear of the bus extended into the lane for southbound traffic.
The driver of the tractor-trailer unit testified that he let up on his gas when he first saw the brake lights of the bus. When the brake lights of the bus came on the second time, he applied his brakes and the trailer began to jackknife. He let up on the brakes and straightened up the jackknife. He applied the brakes again, which resulted in another jackknife. He had reduced his speed to approximately twenty miles an hour when he let up on his brakes the second time. Since the southbound lane was clear of traffic he attempted to drive *242 off the left side of the road with his left wheel about four feet off on the left shoulder to keep from going into the side of the bus in case the truck jackknifed again.
The tractor and about ten or twelve feet of the trailer had cleared the bus when there was a collision between the trailer and the right rear corner of the bus. The driver stopped his truck within five feet of the point of impact. The tractor and trailer together were about fifty feet in length. The bus hit the car immediately preceding it. The testimony is in dispute as to whether the bus hit the car before or after the collision between the bus and the trailer unit, and whether the bus, when it struck the mud bank, bounced back into the trailer unit or whether the trailer unit struck the bus while trying to pass it.
The driver of the car testified that when the traffic ahead of him gradually slowed up, he slowed to about five to eight miles an hour, and with a glance or two in the rear-view mirror observed nothing unusual. On the second glance he noticed that the bus was closer, but not alarmingly close. He noticed on the third or fourth glance that the bus was getting close, so he turned off to the right. He had not gotten off the road when the collision occurred between his car and the bus. On cross-examination he testified that the bus was not slowing down appreciably and was overtaking him at such a rate of speed that he was frightened, and that the third time he glanced back, the bus was in a skid. He testified that prior to the impact the rear of the bus did not get across the center line, but was right on it. However, the disposition of this case does not involve the disputed testimony since we hold that on the undisputed facts the appellant was entitled to be granted instructions Nos. 2 and 3, which the trial court refused. For that reason we must reverse and remand the case.
Both attorneys agree that the substantive law of Kentucky controls since the collision occurred in that state. See Wright v. Jacobs, 228 Miss. 641, 89 So.2d 708 (1956). A statement of the Kentucky law is found in McCarter v. Louisville & Nashville R. R., 236 S.W.2d 933 (Ky.1951), as follows:
Even when it is not the sole cause of an injury, contributory negligence is a complete defense. Contributory negligence need not be the proximate cause of the accident and resulting injury, it is sufficient if it contributes thereto so that but for same the accident would not have occurred. Contributory negligence is usually a question for the jury but where there is no contrariety in the facts and they show plaintiff was guilty of such negligence and the injuries would not have occurred otherwise, then there is nothing to submit to the jury. Where but one conclusion can be drawn from the uncontradicted evidence by fair-minded men, then the question of contributory negligence is one of law for the court. Norfolk & W. Ry. Co. v. Bailey, 307 Ky. 386, 211 S.W.2d 154. (236 S.W.2d at 935.)
The provisions of the following sections of Kentucky Revised Statutes are deemed applicable to the facts of this case. Section 189.290(1) is as follows:
The operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway.
Section 189.340(6) (a) provides:
The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having regard for the speed of the vehicle and the traffic upon and condition of the highway.
The Kentucky Court, in Jewell v. Dell, 284 S.W.2d 92, 95 (Ky.1955), stated:
Now, violation of the terms of a statute regulating traffic is negligence per se or as a matter of law and imposes liability if it causes an accident or constitutes a breach of duty to a person injured thereby.
*243 The essential facts which are undisputed show that the bus driver was guilty of negligence as a matter of law in that he failed to operate the bus in a careful manner with regard to the safety of other vehicles on the highway; that he followed the automobile preceding him more closely than was reasonable or prudent, having regard for the speed of the vehicles, and the traffic upon and the condition of the highway. This negligence contributed to the occurrence of the accident since but for the negligence of the bus driver in following too closely at that rate of speed, or operating the bus at a speed too great under the conditions existing at the time, or in failing to keep the bus under proper control, the accident would not have occurred. It is evident that the Kentucky rule on contributory negligence bars recovery on behalf of the defendant-appellee on its counterclaim. For this reason, the trial court should have granted for the plaintiff the following instructions:
Instruction No. 2
The Court instructs the Jury for the plaintiff that the bus driver was guilty of contributory negligence as a matter of law; and you cannot return a verdict for the Greyhound Corporation against Dean Truck Line, Inc. on the counterclaim.
Instruction No. 3
The Court instructs the jury for the plaintiff that the bus driver was guilty of negligence as a matter of law in causing or allowing his bus to go out of control; and if you believe from the evidence in this case that such negligence was the sole proximate cause of the collision then you must return a verdict for the plaintiff.
Instruction No. 3 is not erroneous; if the jury believed that the negligence of the bus driver in causing or allowing his bus to go out of control was the sole proximate cause of the collision, the plaintiff would have been entitled to a verdict.
Since this case must be remanded for a new trial on the issue of whether the appellant was guilty of contributory negligence, and thus precluded from recovery against the appellee, it is pertinent to mention that the testimony of Jack Young Scott concerning the period reasonably required for the making of repairs to the damaged trailer should be admitted. Both the Kentucky and Mississippi rules permit one, whose business vehicle has been damaged solely due to the negligence of another, to recover for the loss of use for the period reasonably required to repair it. Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 167 So.2d 924 (1964), Suggestion of Error, 251 Miss. 45, 170 So.2d 573 (1965); Anderson v. Shields, 314 Ky. 228, 234 S.W.2d 739 (1950); Pope’s Adm’r v. Terrill, 308 Ky. 263, 214 S.W.2d 276 (1948). As was stated in Glenn Falls Ins. Co. v. Linwood Elevator, 241 Miss. 400, 417, 130 So.2d 262, 268 (1961):
This Court has pointed out in the case of King v. King, 161 Miss. 51, 134 So. 827, that a witness need not be infallible or possess the highest degree of skill to testify as an expert. It is generally sufficient that the witness possess knowledge peculiar to the matter involved, not likely to be possessed by ordinary laymen.
Mr. Scott has owned his own business for two and a half years and a part of his business is repairing trailers. He has been repairing trailers of that type for approximately eighteen years, and has worked in shops larger than his own, although not in the shop where this trailer was repaired. Instruction No. 15 was refused by the trial court since it covered Jack Young Scott’s testimony which was excluded. When this testimony is admitted, then the granting of Instruction No. 15 will be proper.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.