**C. N. CARPENTER, Appellant,**

v.

**Albert HAYDON, Appellee.**

Court of Appeals of Kentucky.

Nov. 13, 1969.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

James S. Greene, Jr., Harlan, Denver Adams, Hyden, for appellee.

DAVIS, Commissioner.

Albert Haydon obtained a judgment against C. N. Carpenter (sometimes referred to in this record as C. M. Carpenter) for $3,000 as property damage to a truck allegedly forced from the highway by a truck owned by Carpenter and operated by his employee. Carpenter challenges the judgment charging that (1) Haydon did not adequately prove his claim for damages, and (2) there was insufficient identification of Carpenter's truck as the offending vehicle.

According to evidence for appellee, a southbound truck owned by him was forced off Highway 421 on September 18, 1961, by a northbound truck owned by the appellant and operated by his employee. The offending truck did not stop, and the critical question in the case is whether there was sufficient evidence to warrant a jury's finding that the offending truck was, in fact, one owned by Carpenter and operated by his employee.

■ As noted, a preliminary question is presented as to whether the appellee presented competent evidence reflecting damages to his truck. The appellant concedes that the appellee demonstrated appropriate knowledge of truck values to express his opinion concerning the before value of the truck. He contends that there was no showing that the appellee possessed such experience and knowledge as would permit him to express his opinion of the after value of the wrecked vehicle. We are not impressed by the argument, particularly in view of the fact that there was evidence indicating that the wrecked vehicle was a total loss although appellee expressed the view that its after value was $750. This court has long taken the practical view that an ordinary witness who testifies that he knows the market value of an auotmobile is competent to express his view of such value and is not required to be an expert or have special qualifications for that purpose. See Williams v. Kirtley, Ky., 263 S.W.2d 119, 121.

■ There was some discrepancy in the evidence as to the color and year model of appellee's truck, and appellant suggests that the evidence is so unsatisfactory as to indicate that appellee may well have presented proof of damage to a truck other than the one involved in the collision. The jury heard the evidence and exercised its prerogative to resolve the factual issue thus presented and had sufficient evidence before. it to support its finding that the truck of which appellee testified was the one involved in the accident.

Appellant calls attention to Poll v. Patterson, 178 Ky. 22, 198 S.W. 567; Spencer's Adm'r v. Fisel, 254 Ky. 503, 71 S.W.2d 955; Towles v. Perkins, 266 Ky. 25, 98 S.W.2d 27; and cases of like import in which this court has held that the evidence for the plaintiff was insufficient to sustain a verdict on the question of identity of an offending vehicle. Appellee counters by citing Licking River Limestone Company v. Helton, Ky., 413 S.W.2d 61, and several other cases, most of which are discussed and cited in the Licking River opinion, in which this court found that the evidence of the plaintiff created a submissible jury issue in cases of this sort. It is patent that varying situations have been presented in the several appeals involving this question. There is no difficulty in the legal principles and no conflict among the decisions about those principles. In each case the facts presented must be weighed to determine whether the evidence touching the identity of the offending vehicle is sufficient to support a jury's finding that the offending vehicle was owned by the defendant and operated on his behalf. The mere fact that evidence is controverted does not serve to destroy its probative value. See Beatrice Foods Company v. Chatham, Ky., 371 S.W. 2d 17, 19, in which it is written:

"And we have many times affirmed that a verdict founded wholly upon speculation and surmise cannot be sustained. But the line between what is speculative proof and what is circumstantial or inferential proof is sometimes dim and uncertain. The jury is instructed to reach its verdict 'from the evidence;' and if there was competent and relevant evidence affording a reasonable and logical inference or conclusion of a definite fact, this court will not invade the jury's province to weigh conflicting evidence, judge the credibility of witnesses and draw the ultimate conclusion."

There was evidence for appellee to the effect that on the date of the accident the appellant had six of his trucks hauling gravel from a plant in Harlan County to a

highway resurfacing job on Bob Fork in Leslie County. The gravel plant was the only one in that section of the state, and the Carpenter trucks had to proceed from the plant along U.S. 421 to reach the Bob Fork project. All of the Carpenter trucks were Internationals and had red cabs with no marking of identity on them except a capital "C" followed by a number. It was shown that on the day of the accident Roy Owens and Dick Bowling were driving two of appellant's trucks in hauling gravel from the plant to the Bob Fork job. The foreman of the gravel plant testified that the appellant's trucks were the only trucks hauling gravel from the plant to any project located in the direction of the Bob Fork work. Appellee's driver testified that as he was proceeding southwardly toward the plant in an unloaded truck he met a truck loaded with gravel and having a red cab which forced his truck off the highway. He testified that a short time later another truck loaded with gravel, having a red cab, and proceeding northwardly came upon the scene and stopped. He said that the second driver was driving one of Carpenter's trucks and told him that a truck ahead of him, loaded with gravel, was also one of Carpenter's trucks. According to appellee's driver, the truck which stopped was exactly like the one which forced him from the road. A pedestrian who was traveling on the shoulder of the highway with her son corroborated appellee's driver as to how the accident occurred and said that the offending truck was a red dump truck loaded with gravel and that it failed to stop at the scene of the accident.

The facts of this case are strikingly similar to those which appeared in Oldfield v. Owens, 292 Ky. 183, 165 S.W.2d 952, in which this court found that circumstantial evidence as to the identity of the offending "red dump truck" was sufficient to support a verdict for the plaintiff. After a recitation of the facts, it was observed in the opinion:

"The sole question about which it can be said there is a shadow of a doubt is the ownership of the truck causing the injury. The law does not require that every fact and circumstance going to make up a case be proved by direct, positive testimony. The fact in issue may be established by circumstantial evidence. Here the proven circumstances warranted the inference that the truck which collided with appellee's car was owned by appellant." Id. 165 S.W.2d 954.

It is our view that the proven circumstances in the case before us also warranted the jury's inference that the appellant's truck was the offending vehicle.

The judgment is affirmed.

All concur.