C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and W. S. Anderson,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Wendell Cole, Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Taylor Dunn, Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky, and Sherman R. Hisel,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Powell Isaacs, Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Wayne B. Knight,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky, and Henry T. McGlone,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Elmer Neff, Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Robert H. Nunn,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and William A. Porter,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and G. R. Sparks, Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and Paul L. Wright,
Appellees.

C. Eugene GOSS, Commissioner of Highways,
Appellant,

v.

PERSONNEL BOARD, Commonwealth of
Kentucky and W. P. Young,
Appellees.

Court of Appeals of Kentucky.

June 26, 1970.

Don Duff, General Counsel, Department of Highways, James F. Perkins, Department of Highways, Paul E. Hunley, Department of Highways, Robert J. Rieckhoff, Department of Highways, Robert E. Adams, Department of Highways, Frankfort, for appellant.

John Breckinridge, Atty. Gen., Henri L. Mangeot, William O. Gilbreath, Deputy Attys. Gen., Frankfort, for appellee personnel board.

Edward F. Prichard, Jr., Frankfort, David Taylor, I. C. James, Harrodsburg, William A. Porter, Thomas B. Givhan and J. Chester Porter, Shepherdsville, for appellee employees.

CULLEN, Commissioner.

We have here 13 consolidated cases, each of which involves an employe of the Kentucky Department of Highways whose discharge from employment by order of the Commissioner of Highways[1] was found by the Personnel Board to have been motivated by political reasons, wherefore the board, pursuant to KRS 18.270, ordered the commissioner to reinstate the employe without loss of pay. In each of the cases the commissioner ignored the board's order and an action then was brought by the board to enforce compliance. In those actions (in which the respective employes were made parties) the commissioner attacked the orders of reinstatement as being arbitrary (which was the only permissible ground of attack since the statute, KRS 18.270, makes such an order nonappealable). The circuit court, in each case, held that the order was valid and entered judgment ordering the commissioner to comply. The cases are before us on appeal by the commissioner from the judgments. The issues in all 13 cases are identical.

The primary issue is whether the orders were supported by substantial evidence. In approaching the determination

---

1. The Commissioner of Highways at the times referred to in this opinion was William Hazelrigg.

of that issue we find it desirable to mention a few fundamental propositions of law. The first is that *facts may be established* by *circumstantial evidence.* Perry's Adm'x v. Inter-Southern Life Ins. Co., 248 Ky. 491, 58 S.W.2d 906; Haffler v. McKinney, 288 Ky. 782, 157 S.W.2d 92; Oldfield v. Owens, 292 Ky. 183, 165 S.W.2d 952. The second is that an *inference* from circumstantial evidence is a conclusion drawn on the basis of probabilities. Bartley v. Childers, Ky., 433 S.W.2d 130; Highway Transport Co. v. Daniel Baker Co., Ky., 398 S.W.2d 501; Sutton's Adm'r v. Louisville & N. R. Co., 168 Ky. 81, 181 S.W. 938. The third is that an inference from circumstantial evidence may vary in strength according to the degree of probability reflected by it, being strong enough in one case to require a directed verdict while in another case having only enough strength to create a jury issue. Lee v. Tucker, Ky., 365 S.W.2d 849.

Admittedly, the Personnel Board's finding in each of the instant cases, that the action of the Commissioner of Highways in discharging the employe was taken for political reasons, was by an inference based on circumstantial evidence alone. So our consideration is addressed to the question of whether the circumstances warranted the inference.

Two circumstances were cognizable by the Personnel Board by judicial notice (or common knowledge). They were (1) that a Republican administration took office in December 1967, following a long period of Democratic administrations, and (2) within the next two months hundreds of employes of the Department of Highways, including the 13 here involved, were discharged.

A third circumstance grew out of the developments upon the hearings of the instant cases before the Personnel Board. Each of the thirteen employees had been charged by the Commissioner of Highways with specific acts of participation in partisan political activities. Upon the hearings, at which the commissioner had the burden

of proving the charges, he was unable to produce satisfactory proof of *any* of the charges as to any of the 13 employes. So the alleged reasons for the discharges proved to be baseless.

Other circumstances were brought out at the hearing by the testimony of the Commissioner of Highways, when presented as a witness by one of the discharged employes. They were that job-seekers, who were or claimed to be political friends of the new administration, came to the Department of Highways by the *hundreds* seeking employment; *new* jobs not being available, their hope of employment was to replace someone in an existing job; they made allegations of political activities against existing jobholders, which the Commissioner accepted as true without verification or support, with the understanding that evidence to prove the charges would be produced later if needed; there was no indication or suggestion that any of the discharges originated within the department itself as the result of efficiency surveys, employe-evaluation programs, or anything of that nature.

█ It is our opinion that from the foregoing group of circumstances not only could reasonable men conclude that it was probable that the discharges were motivated by political reasons, but it would be difficult for a reasonable man to reach any other conclusion. We find not only that there is adequate basis for the inference, but that the inference is a strong one.

█ The appellant argues that there is a "presumption" that the Commissioner of Highways acted in good faith, which can be overcome only by strong evidence. He cites Commonwealth, Dept. of Highways v. Fultz, Ky., 360 S.W.2d 216. That case recognizes that the "presumption of good faith" can be overcome by *circumstantial evidence.* We are not at all sure that the "presumption" theory is valid, at least as applied to the kind of cases here presented, but in any event it is our opinion that the circumstantial evidence in these cases fur-

nishes the basis for an inference strong enough to overcome any such presumption.

The appellant maintains that the Personnel Board "presumed" that the discharges were politically motivated, from the sole fact that the Commissioner of Highways could not prove the charges he had made against the employes and he offered no other possible grounds for discharge. The argument is not valid. As hereinbefore pointed out, there were a number of circumstances from which the board reasonably could *infer* political motivation for the discharges. The inability to prove the charges, and the failure to suggest any other grounds for discharge, were merely —and properly—parts of the overall picture of circumstances. No "presuming" was done. An *inference* was drawn.

As another ground of error the appellant contends that the burden of proof at the hearings before the Personnel Board erroneously was placed on him rather than on the employes. This is not true. There were two issues at the hearings; one was whether the charges against the employe were valid; the other was whether the discharge was politically motivated. The Commissioner of Highways was given the burden on the first issue, and the employe was given it on the second one. The employes properly met their burden by producing circumstantial evidence through the commissioner as a witness.

■ Finally, the appellant argues that the finding of fact by the Personnel Board, which was simply, as to each employe, that he "was suspended and dismissed for political reasons," was not sufficiently definite and specific to afford judicial review and to meet the requirements of due process. The argument is that the board should have made *detailed* findings of "basic facts." We think a sufficient answer is that there was no real dispute or issue as to the "basic facts." All of the circumstances from which the board drew its inference were either matters of judicial notice or came from the testimony of the commissioner. There was only one real issue, and that was the inference to be drawn from the undisputed circumstances. Certainly nothing of value would have been accomplished by the board's making a recitation of which (if less than all) of the undisputed circumstances it relied upon in drawing its inference.

We find no error in the cases.

The judgments are affirmed.

All concur except NEIKIRK, J., who did not sit.