## W. F. NORMAN & SONS et al. v. CLARK.
### (No. 8387.)

(Court of Civil Appeals of Texas. Dallas. June 12, 1920. Rehearing Denied July 3, 1920.)

1. Damages ⬤⟲217—Instruction that only cost of repairs was recoverable for injury to automobile held proper.

In action for damages to automobile, where there was no prayer for damages for depreciation, an instruction, stating the cost of repairs, and not the depreciation, was the measure of damages, *held* proper.

2. Evidence ⬤⟲121(12), 317(2) — What was said at time of automobile collision held not res gestæ, but hearsay.

In automobile collision case, testimony constituting mere conclusions on the part of the witness as to what was said at the time of the accident *held* inadmissible, being hearsay and not a part of res gestæ.

3. Trial ⬤⟲260(1)—Refusal of charge covered by charge given not error.

Refusal of requested charge covered by the charge given *held* not error.

Appeal from Hunt County Court; A. J. Gates, Judge.

Suit by J. W. Clark against W. F. Norman & Sons and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Clark & Sweeton, of Greenville, for appellants.

Crosby & Harrell, of Greenville, for appellee.

RAINEY, C. J. Appellee, J. W. Clark, brought this suit against appellants, W. F. Norman & Sons and the Greenville Transfer Company, a corporation, to recover the costs of repairs to an automobile belonging to appellee, which collided with appellants' automobile, alleging that the collision was brought about by the negligence of the driver of appellants' car, and stating the different parts wherein the car was injured and repaired, which was reasonably worth $423.82.

The defendants "Norman & Sons answered

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

separately, alleging that the collision was brought about by the negligence of the driver of appellee's car; that it was equipped with but one light; that this light was not dimmed, as required by law, but was bright and blinding, and was on the right-hand side; that there was a vehicle to the left of appellee's car; that by reason of the blinding light it could not be discovered in time to prevent the collision, and by reason of its being on the right-hand side the driver of appellants' car was deceived as to the amount of space between appellee's car and the vehicle. It was also alleged that the driver of appellee's car was running at an excessive rate of speed, etc., and that the accident was caused or contributed to by his negligence."

Appellant Greenville Transfer Company answered by demurrer, denial, and a special answer, adopting the answer of its codefendant. The case was tried before a jury on the 17th day of September, 1919, and resulted in a verdict and judgment against appellants jointly for the sum of $422.47, from which an appeal was taken.

The case was submitted on the first and second grounds of appellants' motion for a new trial, as follows:

"(1) Because the court erred in admitting the evidence in relation to the measure of damages, shown in defendants' bill of exception No. 1.

"(2) Because the court erred in the seventh paragraph of his charge in submitting the measure of damages, and also erred in overruling defendants' exception thereto, as shown by bill of exception No. 2."

The only proposition submitted is:

"In case of injury to personal property, the measure of damages is the difference between the value of the property or its cash market value, as the case may be, immediately before and immediately after the injury thereto."

A similar case to this was passed upon by this court when this question was decided in Cooper v. Knight, 147 S. W. 349, Mr. Justice Rasbury rendering the opinion of the court, wherein it was held:

"We are of opinion that the court correctly charged the jury that the measure of damages was the reasonable cost of repairing the appellee's car and the difference, if any, in the market value of the car after the completion of the repairs and the market value of the car immediately prior to the accident." Railway Co. v. Levi & Bro., 59 Tex. 679; Hughes v. City of Austin, 12 Tex. Civ. App. 178, 33 S. W. 607.

The jury found upon the evidence that appellee was not guilty of contributory negligence, there being no evidence showing that there was a difference as to market value to the car before and after the injury to the car, except that the injured car when new was worth $1,125.

It was said in H. & T. C. Ry. Co. v. Lewis, 185 S. W. 593, in substance, that the fundamental and controlling principle as to damages allowable for injury to personal property is that the injured party shall have actual pecuniary compensation for the injury received, so that he may be placed as near as may be in the condition which he would have occupied but for the injury.

The court, after charging on the issues raised by the pleadings by his seventh paragraph, charged as follows:

"If you find for the plaintiffs, the form of your verdict will be: 'We, the jury, find for the plaintiffs and assess their damages at the sum of four hundred twenty-two dollars and forty-seven cents ($422.47).'"

[1] Appellee only seeking to recover for the damages done to the car, and not praying for the value in the depreciation of the car, the court did right in not stating to the jury any damages recoverable for depreciation of the car, if any, and said assignment will be overruled.

[2] The second assignment of error presented by appellants is:

"The court erred in refusing to admit the declaration of Atchly and wife, made at the time of the accident and constituting a part of the res gestæ, as shown in bill of exception No. 3."

This testimony was mere conclusions on the part of the witnesses as to what was said by them, and was not res gestæ. It was only the opinion of the witnesses, and in part gave their conclusion as to what the decision of the case should be, and not permissible. The testimony was hearsay, and not admissible, and said assignment is overruled.

[3] The court charged on contributory negligence of plaintiff, and sufficiently covered the special charge asked by defendant; therefore said special charge should not have been given, and said assignment is overruled.

The evidence is sufficient to support the judgment, and it is affirmed.

Affirmed.