## Collier et al. v. Commonwealth.

January 17, 1947.

S. V. Little and Murray L. Brown for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Glenn Collier and Dewey Brown, upon a joint trial, were convicted of armed robbery and the punishment of each was fixed at 21 years in the penitentiary. On this appeal they argue but two grounds for a reversal of the judgment;

(1) Incompetent evidence was introduced over their objection;

(2) The verdict is not supported by the evidence and is the result of passion and prejudice.

The evidence of the Commonwealth is to the effect that between 10 and 11 o'clock on the night of April 15, 1945, Walter Reams, a truck driver, met appellants by chance at the White Cabin Camp in Laurel County. They agreed to procure some whiskey for Reams and he got into a car with appellants, who drove him several miles in the country to get the whiskey. Arriving at their destination, the three men left the car and entered a field. They were standing near a tree when some mention was made by one of the appellants that a dangerous bull was in the field. Reams turned to look at an approaching "cow brute" and at that moment was knocked unconscious by a severe blow on his head with some blunt instrument, which raised a big knot above his left ear and cut a place on his head. When Reams was struck Collier was to the right of him and Brown was to the left and behind Reams.

When he regained consciousness, Reams was still in the field, his head was bloody and a billfold that was strapped to his belt had been cut therefrom and between $30 and $35 contained in it were gone, as well as the two

men he identified as appellants. Reams immediately reported the matter to the officers giving them a description of Collier and Brown and the car in which they drove him to the country.

The officers went to Collier's home the day following the robbery but he evaded them and his mother falsely informed the officers that he was in Ohio. About a week after the robbery, and when he knew the officers were looking for him, Collier did go to Ohio. Brown testified that a week after the robbery he knew the officers were looking for him and had been to his home in his absence. Brown did not leave the community but it was not until the following August that the officers were able to apprehend and arrest him, which they did by a ruse. Both appellants denied robbing Reams and offered evidence to the effect that they went fox hunting about dark on the night of the robbery and remained on the hunt until around 2 o'clock the next morning.

The incompetent evidence complained of is that John Black (a highway patrolman) was permitted to testify that the day following the robbery he saw automobile tracks near the point where Reams testified the car in which appellants took him to the country was stopped, which tracks were made by a car with "mud grip tires," the character of tires on the Collier car. Appellants rely on the case of Appalachian Stave Co. v. Pickard, 260 Ky. 565, 99 S. W. 2d 472, as supporting their contention that this evidence was incompetent. A reading of that case shows it has no application here. This testimony was not introduced to show the position of the car on the road as pointed out to Black by Reams, which the Pickard opinion condemns as hearsay, but to establish a link in the circumstantial chain by proving that a car with tires similar to those on the Collier car had been at the place near the scene of the robbery.

Black was asked if the description given him by Reams of the men who robbed him and of the car in which they traveled indicated anything to him, and he answered, "Yes, I thought it was these boys here." Appellants complain that this evidence expresses a mere surmise or opinion on the part of the witness rather than a fact. It has been written that such expressions as "I thought," "I suppose" and "I believe" do not always

indicate a conjecture or guess at the facts, but that such expressions are often an idiomatic or colloquial way of stating a fact according to the best judgment of the witness. See annotation 4 A. L. R. 979. It is patent the thought which Black meant to convey by his answer was that the description of the men and of the car given by Reams identified the appellants to the witness. Reams definitely identified appellants as the two men present when he was knocked unconscious and robbed.

Further complaint is made of the fact that after appellants testified what persons composed their hunting party, they were confronted with affidavits made by them for continuances wherein persons different from those named in their testimony were set out in the affidavits as the ones who went hunting with appellants. It would have been competent for the Commonwealth to introduce any statements made by appellants which tended to contradict their testimony. Therefore, it was certainly competent for the Commonwealth to contradict appellants by introducing their statements made in affidavits for a continuance as to who accompanied them on their alleged hunting trip.

There is perhaps other evidence which appellants argue was erroneously admitted, but it is so devoid of merit that we do not deem it necessary of discussion.

There is no force in appellants' second contention that the verdict is not supported by the evidence and that it was result of passion and prejudice on the part of the jury. The evidence as a whole is conflicting. It would have supported a verdict for appellants or one for the Commonwealth. Therefore, the case was peculiarly one for the jury, which is the judge of the credibility of the witnesses and the weight to be given their evidence, and we cannot disturb the verdict. Alexander v. Commonwealth, 262 Ky. 93, 89 S. W. 2d 867.

Finding no error prejudicial to appellants' substantial rights, the judgment is affirmed.