## MIRACLE v. FLANNERY'S ADM'R.

Court of Appeals of Kentucky.
June 19, 1953.

Henry L. Bryant, Pineville, Fred R. Whalin, Middlesboro, for appellant.

Patterson & Wilson, Pineville, for appellee.

WADDILL, Commissioner.

C. Y. Miracle, a Policeman of the City of Middlesboro, appeals from a judgment against him for $5,000 for the wrongful death of Clarence Flannery resulting from the alleged negligent operation of appellant's patrol car.

At approximately 9:00 p. m. on or about July 2, 1950, appellant and John Dixon, a fellow policeman, were driving south in their police car upon the highway which becomes 19th Street of Middlesboro at Reams Lumber Yard. Dixon was in the back seat with two men they had arrested and Miracle was driving. At a point near the Reams Lumber Yard appellant's car

struck Flannery, who died as a result soon thereafter. This much is undisputed, but so far as the rest of the circumstances surrounding the accident are concerned, the evidence is conflicting.

Appellant contends that he was entitled to a peremptory instruction on the ground that the deceased was guilty of contributory negligence as a matter of law. In support of this contention he points out that the accident occurred at a point on the street other than at a crosswalk or intersection. Appellant cites KRS 189.570 (4) (a) which states that a pedestrian shall yield the right of way to vehicles except at such places. This statute does not relieve drivers of the duty to exercise due care to avoid striking pedestrians who cross streets at other than the places sanctioned by the statute. The question whether the improper crossing by the pedestrian contributed to the cause of the injury and whether in its absence the accident would not have occurred is still one to be determined by the jury in the light of the evidence. Ramsey v. Sharpley, 294 Ky. 286, 171 S.W.2d 427.

In the instant case there was evidence, although contradicted, that appellant was driving at an excessive rate of speed on the wrong side of the street at the instant of impact. Appellant testified that the deceased appeared from behind a parked car on appellant's right-hand side of the street, too suddenly for appellant to avoid hitting Flannery although appellant swerved to his left. This was substantiated by the testimony of all the occupants of the police car. On the other hand, however, three bystanders, two women and a Negro man, testified to the effect that the point of collision was to the left of the center of the street. The Negro man testified that Flannery started across from the east side of the street. He gave no opinion as to the speed of the car. The women were unable to say from which side of 19th Street the deceased had started but stated that the police car was driving fast down the wrong side of the street and struck the pedestrian to the driver's left of the center of the street. Appellant also introduced testimony tending to show that deceased had been drunk earlier the same day.

In view of the conflicting nature of the testimony, and the presence of evidence from which both negligence on the part of appellant, and contributory negligence on the part of Flannery, could have been found by the jury either to have been present or absent, depending upon what testimony they chose to believe, and what they chose to disbelieve, we have no hesitancy in declaring that the peremptory instruction was properly refused and the case properly submitted to the jury on these issues.

Appellant contends that it was error to allow the two women bystanders to testify concerning the speed of the police car. It was shown that the witnesses had sufficient experience and opportunity with which to form an estimate as to the speed of the police car. Such testimony is competent to go to the jury for what it is worth. White v. Saunders, 289 Ky. 268, 158 S.W.2d 393.

Appellant contends that instruction No. 1 was prejudicially erroneous insofar as it stated that it was appellant's duty "to drive on the right or west side of the street," without adding the other language of KRS 189.300(1). The other language concerns the right of a driver to drive on the left if the highway is unobstructed and presents a clear vision for 150 feet ahead.

The instruction as given is similar in material respects to that prepared by this Court in Nowak v. Joseph, 275 Ky. 470, 121 S.W.2d 939. It is also obvious that this instruction could not be prejudicial since if the jury should find under this instruction that appellant was driving on the left-hand side of the road when he struck Flannery, it would be apparent that the street could not have been free of obstruction, since Flannery himself would qualify as such. See Hughes v. Bates' Adm'r, 278 Ky. 592, 129 S.W.2d 138.

Appellant complains that instruction No. 2 was erroneous in that it required the jury to fix the damages for the benefit of deceased's estate, when the deceased had

a mother and brother surviving him. This argument does not go to the right to a recovery, but concerns who is entitled to the recovery. We are not here concerned with this problem. This suit was brought by the personal representative of the deceased, and it will be his duty to distribute the recovery to the proper persons according to law. Thus it is hard to see how appellant could have been prejudiced by the giving of this instruction.

[7] Nor do we find ██ in appellant's argument that the $5,000 verdict is excessive.

Judgment affirmed.