Lee SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1955.

pedestrian. His appeal is from a conviction of voluntary manslaughter with a penalty of two years' imprisonment. A former judgment of conviction and a sentence of ten years in prison was reversed because of erroneous instructions. Smith v. Commonwealth, Ky., 268 S.W.2d 937. The evidence was the same on this trial.

The principal defense has been that the defendant had suddenly suffered a mental blackout from epilepsy and had become unconscious immediately before the car struck the pedestrian and for that reason he may not be held criminally responsible. Smith knew he was subject to frequent "spells" or "blackouts" while driving an automobile, although he described the previous experiences as being different or of less effect. We held it to be a question for the jury whether the defendant, by driving the automobile at the time, had manifested a willful indifference to the safety of other persons on the road and the possible results. We regarded doing so as the equivalent of an intentional act when the accident occurred.

An instruction submitting the question whether the defendant was excusable or culpable under the circumstances was prepared for another trial, and that instruction was given. But the appellant renews his contention that since the uncontradicted evidence showed that the accident occurred while he was momentarily unconscious because of an epileptic convulsion, a directed verdict of acquittal should have been given. The contention overlooks our ruling on the former appeal. The sufficiency of the evidence to take the case to the jury was therein decided; and that is the law of the case, the evidence being the same.

The appellant submits that there was no proper or substantial evidence of excessive speed, hence, no criminal negligence on that ground. Speed was not specifically referred to in the instructions. It cannot be said that speed of the car was the only element of recklessness or wantonness. Only one witness testified to the speed of the car being beyond the statutory limit. John Grigsby testified that the au-

Sam M. Ward, Scott E. Duff, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

An automobile driven by the appellant, Lee Smith, struck and fatally injured a

tomobile was going 50 or 60 miles an hour. It must be conceded his testimony has little real probative value. His opportunity of observation and his qualifications to express an opinion were poor indeed. But there is more than Grigsby's testimony. The impact upon the woman was very great; and the car had run 200 feet or more after striking her and careened around, apparently caused by the application of the brakes. All of this affords a reasonable conclusion of excessive speed around a curve in the highway. There was certainly reasonable inference of the absence of a lookout and of proper control of the machine. This concept of wanton negligence obviously is independent of the proposition that the jury could have and probably did find that the defendant ought not to have been driving the automobile at all.

■ We cannot accept the appellant's view that all this proved no more than gross negligence, which, under our prevailing rule, is the basis of the offense of involuntary manslaughter only. The jury had the opportunity under an instruction predicated upon gross negligence, or failure to exercise slight care, to find the defendant guilty of involuntary manslaughter but did not do so.

■ We think the jury was warranted in view of the acts of the accused, as proven by the direct and substantial evidence, to find the defendant had operated the automobile "in a manner reasonably calculated to endanger the lives of persons then and there on the highway," and that he knew this, "and had recklessly and wantonly run" the automobile against or upon or over the pedestrian. Another instruction submitted the question of guilt in having done so "carelessly and negligently" with the accompanying penalty described by KRS 435.025.

Error is claimed in the admission of the testimony of John Grigsby. He was directly across the hollow from the highway and about 360 feet from the point where the woman was struck and had seen the car coming about a hundred yards before it struck her. He testified that he had ridden in automobiles and trucks enough to be able to fairly judge the speed of an oncoming car and that "as near as I could say, it might have been running about 50 or 60 miles per hour." On his cross-examination, he said he was "guessing" at the speed "but a man can make a pretty good guess." The appellant contends the testimony was inadmissible because the witness was not qualified to express a judgment or opinion; that he had no opportunity and was in no position to judge the speed; and, that he was merely guessing at the rate.

■ The rate of speed of an automobile at a given time can rarely be given with anything like mathematical exactness, so that an estimate of speed or expression of opinion in regard to it is generally viewed as a matter of common observation of a fact rather than of an expert opinion requiring technical knowledge. A witness testifying to the speed of an automobile is not required to have any special skill or expert training but is competent to testify if he is able to understand and appreciate the common factors of time and distance. His qualification and opportunity of observation and all the attendant conditions and circumstances affect the weight of his testimony, which is, of course, for the jury to determine. Wilder v. Cadle, 227 Ky. 486, 13 S.W.2d 497; Rose v. Edmonds, 271 Ky. 36, 111 S.W.2d 427; Miracle v. Flannery's Adm'r, Ky., 259 S.W.2d 689. The term "guess" is not regarded as being a mere conjecture or speculation but as a colloquial way of expressing an estimate or opinion. It is a word frequently used where a witness is called upon to make estimates of speed or distance or size or time. Like the words "suppose" or "think", it is commonly used as meaning the expression of a judgment with an implication of uncertainty. Webster's International Dictionary. Collier v. Commonwealth, 303 Ky. 670, 198 S.W.2d 974.

■ An interjection in the form of a question asked the defendant by the trial

court but which was unanswered was inappropriate but cannot be regarded as prejudicial.

The judgment is affirmed.