John Clarence ISAACS et ux., Petitioners,

v.

**PLAINS TRANSPORT COMPANY,**
Respondent.

No. A–9386.

Supreme Court of Texas.

April 10, 1963.

Rehearing Denied May 15, 1963.

Key, Carr, Carr & Clark, Lubbock, Aubrey J. Fouts, Lubbock, for petitioners.

Crenshaw, Dupree & Milam, Lubbock, Cecil C. Kuhne, Jr., Lubbock, for respondent.

PER CURIAM.

Petitioners recovered a trial court judgment against respondent for damages growing out of a rear-end collision. The Court of Civil Appeals reversed the judgment and remanded the cause for retrial because of the failure of the trial court to include the element of new and independent cause in its definition of proximate cause, and its failure to define new and independent cause. 361 S.W.2d 919.

We have concluded that the issue of new and independent cause was not raised by the evidence adduced on the trial. The judgment of reversal and remand cannot stand on that ground. However, it is our duty to examine the other points of error before the Court of Civil Appeals for the purpose of determining whether the judgment should be sustained on any other ground. Dallas Ry. & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 383; Walker v. Texas Emp. Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298, 302.

 

We have concluded that testimony that the driver of Plains Transport's truck, who was not a party defendant to the suit, was given a ticket for following too closely by a State Highway Patrolman and that he paid a fine for the penal offense represented thereby was erroneously admitted in evidence, and that the error in admitting the evidence, considered in context with counsel's argument to the jury and the entire record, was reasonably calculated to cause and probably did cause the jury to return the answers it returned to the special issues and thereby probably caused the rendition of an improper judgment. Rule 503, Texas Rules of Civil Procedure. The pertinent testimony and argument of counsel are quoted in the opinions of the Justices of the Court of Civil Appeals and need not be repeated here.

This Court has held that evidence that one or another party to an automobile collision was given a ticket by a peace officer charging the commission of a penal offense is not admissible in a civil suit growing out of the same incident. Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277. And while proper proof of a plea of guilty to the offense may be admissible in a suit against the person so charged, as an admission, Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384, 389, writ refused, no reversible error; Johnson v. Woods, Tex. Civ.App., 315 S.W.2d 75, 77, writ refused, no reversible error; Canales v. Bank of California, Tex.Civ.App., 316 S.W.2d 314, 320, writ refused, no reversible error, we know of no sound basis for holding that it necessarily follows that it is admissible against his employer. Here, the driver of the truck was no longer an employee of Plains Transport when he paid the fine. There is no evidence that Plains Transport either authorized or ratified a plea of guilty or the payment. Inasmuch as Plains Transport is the only defendant in the case, the testimony was not admissible for any purpose.

We also hold that testimony of the plaintiffs that the driver of the truck stated that he was at fault and that if he had been three feet further back he could have missed the plaintiffs' automobile was not admissible. These statements of the driver were pure conclusions and opinions, were not offered for impeachment, and were not admissible against the employer even though made immediately after the collision. Gulf C. & S. F. Ry. Co. v. Montgomery, 85 Tex. 64, 19 S.W. 1015; Red Arrow Freight Lines, Inc. v. Gravis, Tex. Civ.App., 84 S.W.2d 540, no writ history.

The application for writ of error is Refused, no reversible error. Rule 483.