**GALVESTON TRANSIT COMPANY,**
Appellant,

v.

**Estelle MORGAN et vir., Appellees.**

No. 14866.

Court of Civil Appeals of Texas.

Houston.

Nov. 17, 1966.

**730**

McLeod, Alexander, Powell & Apffel, E. A. Apffel, Jr., Galveston, for appellant.

Shead & Kinney, Eugene A. Smith, Houston, for appellees.

COLEMAN, Justice.

This is a suit for damages by reason of personal injuries received by Estelle Morgan. She was riding as a passenger on a bus owned and operated by appellant when the bus was involved in a collision with an automobile at a street intersection in Galveston, Texas.

The jury found that the driver of the automobile was guilty of several acts of negligence constituting proximate causes of the collision, but failed to find that any act of negligence was the sole proximate cause. The jury also found that appellant failed to keep a proper lookout and that this failure was a proximate cause of the collision. Based on this finding, judgment was rendered for appellee.

Appellant contends that the issues on lookout were not raised by the evidence and should not have been included in the court's charge. It also contends that the answers made to these issues were contrary to the great weight and preponderance of the evidence.

The collision happened at an intersection where the view of the bus driver down the intersecting street to his left was obscured to a considerable degree by a line of tall leafy oleander bushes. The testimony with reference to the number of these bushes and the distance between them was not clear and definite. However, the bus driver testified that there were from three to six bushes, and that the first bush was some 18 to 25 feet from the intersection, and they extended back to an alley about 150 feet from the intersection. A picture introduced into evidence supports this testimony. The pictures reflect that the house on this corner was set well back from both 40th Street and Avenue M. From an examination of the pictures in evidence, the jury might well have concluded that the first oleander bush was two or more car lengths from the intersection.

One of appellant's witnesses testified that when she first saw the car, she looked at the bus driver and he was looking to the right; that the car was almost upon them and "when the driver saw the car he swerved the bus to the right and hit the car." This witness was seated in the middle of the bus. The inference from this testimony is that she saw the car before the bus driver did, and that had the bus driver been keeping a very careful lookout he could have seen the car sooner than he did.

Another passenger testified that as the bus approached the intersection the driver was looking to the right and talking to a passenger. He testified that he was looking at the bus driver until some of the passengers started screaming and that he didn't see the driver look to the left before he heard the screams, at which time the bus was just entering the intersection.

The bus driver testified that he first saw the car when he was at the sidewalk and the front of the bus was eight to ten feet from the curb line. The car was then about forty yards from the intersection. The bus driver had already made a partial application of his brakes. As soon as he saw the car, he knew it would not stop for the stop sign and he just "mashed" the brakes "on down", but he did not apply

the brakes hard enough to skid the wheels in order to avoid throwing the passengers out of the seats.

He later testified that he was crossing the sidewalk—practically to the curb line when he first saw the car—that the front of the bus was even with the curb line. He testified that he did not attempt to turn the bus because he didn't have time, but that he swerved the bus very slightly to the right. He knew the oleanders were there at the intersection and approached with caution. He could have made a safe stop under the conditions existing in 20 to 25 feet. The bus was 28 to 30 feet long. A passenger seated in the middle of the bus would be about 12 feet back of his position in the bus. The bus traveled 15 to 17 feet after he saw the car before the collision. At the point of impact the bus was going 2 to 4 miles per hour. The left corner of the front bumper of the bus hit the right rear fender of the car. 40th Street was 40 to 45 feet wide. The collision occurred in the southeast quarter of the intersection.

■ While the bus driver testified that he could not see down the street until he was even with the curb line, the jury was not required to accept this testimony. There was evidence to support its conclusion that the bus driver could have seen the car sooner than he did; that he did not look to the left until after he had entered the intersection; and that had he been keeping a careful lookout he could have applied his brakes in time to have avoided the collision.

The jury found that the appellant's bus driver failed to keep such a lookout as would have been kept by a very cautious, prudent and competent person under the same or similar circumstances. While one ordinarily is not required to anticipate the unlawful or negligent conduct of another, it does not follow as a matter of law that the bus driver kept a proper lookout. De-Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 1955; Brown v. Dallas Ry. & Terminal

Co., 226 S.W.2d 135, Tex.Civ.App.1949, error ref.

■ There is sufficient evidence to require the trial court to submit the issue on lookout and the companion issue on proximate cause. The answers made by the jury to these issues were not so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Figueroa v. Threece, 337 S.W.2d 400, San Antonio Tex.Civ.App.1960, ref., n. r. e.

Appellant proffered testimony that within ten minutes of the collision the driver of the car made a statement to the bus driver voluntarily, and not in response to a question. The testimony was: "He said 'it's not your fault at all.' He said 'I'm to blame for it.' He said, 'I got a broken toe and when I got on the brake that toe hurt me and I took it off,' and he said, 'I couldn't stop for the stop sign, I got a broke toe.'"

■ The statement was spontaneous and was made within such time after the collision as to indicate that the speaker was still dominated by emotion and had not returned to normal calmness. If otherwise admissible, the statement constituted res gestae and should have been admitted as an exception to the hearsay rule. McCormick & Ray, Texas Law of Evidence, § 913 et seq.

■ In this case, however, it is undisputed that the declarant ran the red light. The court's refusal to admit the opinion, "I'm to blame for it," was within the discretion of the court since the declarant was not a party to the suit and the evidence was merely cumulative of other testimony establishing his fault. The statement, "It's not your fault at all," is an opinion of a lay witness. It was somewhat speculative and conjectural in nature if it should be taken as a statement that the bus driver had violated no duty which he owed to his passengers. The statement cannot qualify as a "short hand rendering of the facts," but was an opinion or conclusion based on facts which could have been presented to the jury. The

trial court did not err in refusing to admit the testimony. McCormick and Ray, Texas Law of Evidence, §§ 1393, 1397, 1399, 1406. Isaacs v. Plains Transport Company, 367 S.W.2d 152, Tex.Sup.1963.

The trial court submitted an issue to the jury as to whether the driver of the car was traveling at a speed greater than a person of ordinary prudence in the exercise of ordinary care would have driven under the same or similar circumstances, accompanied by issues on proximate cause and sole proximate cause. The court refused tendered issues based on a violation of the speed limit. There was evidence of speed in excess of 30 miles per hour.

■ While the answers returned by a jury to issues submitted will not be considered in determining whether the trial court erred in refusing to submit requested issues, the error of the trial court in refusing these issues will not require reversal of the case since the jury found in favor of appellant on the common law speed issues with the exception of the sole proximate cause issue. This follows from the rule that a case will not be reversed where an error of the trial court was not one which probably caused the rendition of an improper judgment. The facts of a particular case might require the submission of issues concerned with common law negligence and negligence per se by reason of the violation of a statutory speed limit. Since the question of whether the speed of the car constituted the sole proximate cause of the collision was submitted to the jury, there was no denial of trial by jury, and the failure to again present this question with respect to a statutory violation was not calculated to cause and probably did not cause the rendition of an improper judgment.

Rule 434, Texas Rules of Civil Procedure; Texas & Pacific Railway Company v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528, 1958.

■ Appellant requested issues on unavoidable accident. These issues were refused by the trial court. Appellant did not plead unavoidable accident, and was not entitled to an affirmative submission of this issue. Rule 93, T.R.C.P.; Rule 279, T.R.C.P.; City of Coleman v. Kenley, 168 S.W.2d 926, Tex.Civ.App.1943, ref., w. m.; Comment 6 Baylor Law Review, No. 4, p. 472.

■ The trial court refused an issue requested by appellant asking whether the driver of the car failed to turn his automobile out of the path of the bus, together with companion issues on negligence, proximate cause and sole proximate cause. There was evidence of failure in that respect. In view of the uncontradicted evidence that he was driving 30 miles per hour, or faster, approaching a stop sign at an intersection where his view to the right was impaired, his failure to stop at the stop sign, was negligence per se since there was no evidence tending to excuse such failure. As a matter of law, this negligence was a proximate cause of the collision under this record. There was, therefore, no evidence that the failure to turn out of the path of the bus was the sole proximate cause of the collision. The refusal of the trial court to submit these issues, with the exception of the issue on sole proximate cause, was error, but not such as was calculated to cause, or that probably did cause, the rendition of an improper judgment. The court did not err in refusing to submit the issue on sole proximate cause.

The judgment of the trial court is affirmed.