Mrs. Beatrice **GONZALEZ** et vir, et al.,
Appellants,

v.

James E. **LAYTON**, Appellee.

No. 358.

Court of Civil Appeals of Texas.

Corpus Christi.

May 31, 1968.

Garza, Garza & Garza, Salvador G. Garza, Jr., Celso Rodriguez, Corpus Christi, for appellants.

Mahoney, Shaffer & Hatch, Lee Mahoney, Kipling F. Layton, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

Plaintiff Beatrice Gonzalez, brought suit against James E. Layton for damages and personal injuries resulting from an automobile collision in Corpus Christi, Texas. The defendant filed a cross-action for damages to his vehicle. The case was tried before a jury resulting in jury findings of negligence and proximate cause as to both the plaintiff and the defendant. The trial court entered a take nothing judgment as to both parties by reason of their suits.[1]

The evidence was substantially uncontradicted. The plaintiff was driving her vehicle at a slow rate of speed on a residential street during daylight hours on a clear day. Two of her children were riding in the back seat of the car. The defendant was following the plaintiff, driving at a somewhat faster rate of speed, but within the speed limits provided by law. The evidence was that somewhere back from where the accident took place, the defendant attempted to pass the plaintiff. He noticed that she turned and motioned to her children in the back seat, causing her automobile to slightly swerve over to the center portion of the street. When her car straightened up again the defendant again attempted to pass the plaintiff. As he neared the position where the front end of his vehicle was near or opposite the rear end of her vehicle the plaintiff made a left turn into her driveway, whereupon the defendant's right front portion of his vehicle struck the left rear portion of her car, causing the resulting damages and injuries. The jury in answer to a number of special issues, convicted the defendant of three acts of negligence, all of which were found to be a proximate cause of the collision in question. The jury further found that the plaintiff failed to maintain such a lookout for the defendant's car as a reasonably prudent person in the exercise of ordinary care would have maintained under the same or similar circumstances. The jury found that this was also a proximate cause of the collision in question. Plaintiff has perfected her appeal.

■ Plaintiff's first and second points are that the jury's answer to the issues of contributory negligence and proximate cause were against the great weight and preponderance of the evidence and are not supported by sufficient evidence as a matter of fact. These points of error concerning the insufficiency of the evidence as to lookout and proximate cause, require the Court of Civil Appeals to balance substantial evidence that supports the verdict against substantial evidence that is against the verdict and determine whether the great weight and preponderance of the evidence favors or is against the verdict. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958).

■ The record is rather lengthy concerning what took place during the few moments of time that immediately preceded the accident in question. As one might suspect from this type of case there is evidence from the plaintiff that she kept a proper lookout and that from the defendant that she did not. Insofar as there may be a conflict in the testimony of the witnesses, it is well settled law that the jury in the exercise of its prerogative is the sole judge of the facts proven, of the credibility of the witnesses, and the weight to be given their testimony. Equally well

1. Plaintiff's child received $200.00 for personal injuries but is not involved in this appeal.

settled is that any ultimate issue may be established by circumstantial as well as direct evidence. The defendant testified that as he started to pass the plaintiff she turned abruptly into the driveway while he was even with the back portion of her vehicle. It has been said that "when one in a stream of traffic slows his vehicle, or stops it, or changes his course, a duty arises to see what is behind when he makes the change." Berry v. Sunshine Laundries & Dry Cleaning Corp., 387 S.W.2d 948 (Tex. Civ.App.-San Antonio 1965, n. r. e.). We have reviewed all of the evidence and are convinced that the jury was warranted in finding that the plaintiff failed to maintain a proper lookout, and that such negligence was a proximate cause of the collision in question. Appellants' points one and two are overruled.

■ Appellants' other point is that the trial court erred in refusing to admit the testimony of witness Malinowski to the effect that defendant Layton had told him after the accident "I guess it was my fault." The record shows that the plaintiff informed the trial judge, that he had a matter that he wished to take up with the court that he thought would be objected to, and rather than risk a mistrial he wished to take it up out of the presence of the jury. This concerned the testimony of the witness Malinowski. After the jury had been excused the witness testified to the effect that the defendant came over to his house to use the telephone after the accident. He testified that the defendant stated "I don't know why it happened, * * * I didn't see the blinker light." Q. "What else did he say?" A. "That's all he said, said he didn't see the blinker, light, he said 'I guess it is my fault'." The plaintiff offered the statement for two reasons: (1) that it was an admission against interest, a shorthand rendition of what took place and (2) for impeachment (the defendant had denied earlier that he had made any such statement to this witness). The court ruled that it would permit part of the statement to be introduced that: the defendant did not "see the blinker light", but would not permit the other part of the statement, "I guess it was my fault" to be admitted.

The appellant argues that the exclusion of the statement was prejudicial, since, if the jury had been allowed to consider the statement it is reasonably probable that the jury would have rejected the defendant's version of the manner in which the accident happened. Moreover, the appellant argues that the error in excluding the testimony was calculated to cause and probably did cause the jury to give the answer that the plaintiff failed to maintain a proper lookout for defendant's vehicle. We reject this theory and argument.

It is true that there is divided authority in this and other states as to the hearsay rule of evidence that permits admissions of a party to the law suit to be received into evidence when it is a spontaneous contemporaneous opinion statement as part of the res gestae. Both parties cite authority substantiating their position. McCormick & Ray on Evidence, Sec. 1126, p. 23 says:

"By the better view a party's admissions are in no way limited by the Opinion Rule. This is clearly supported by every day practice in our courts, where statements made by a party that he was 'at fault', 'in the wrong', and like inferential conclusions are customarily received in evidence against him without question. * * *"

In the pocket part edition of McCormick & Ray under Section 1126 the authors criticize as unsound, the opinion of the Supreme Court in Isaacs v. Plains Transport Company, 367 S.W.2d 152 (Tex.Sup.1963). The court in a per curiam opinion held that statements of a driver that were pure conclusions and opinions, and were not offered for impeachment, were not admissible.

In 31A C.J.S. Evidence § 421, at page 1038, the commentary on expressions of

opinion had this to say about the res gestae rule:

> It * * * "permits the introduction in evidence of statements of fact rather than of a conclusion of the declarant. Expressions of opinion are not ordinarily admissible as part of the res gestae (Knapik v. Edison Bros., Inc., Civ.App., 313 S.W.2d 335, error refused—Morgan v. Maunders, Tex.Civ.App., 37 S.W.2d 791, error dismissed—Hardin v. Rust, Tex.Civ.App., 294 S.W. 625—W. F. Norman & Sons v. Clark, Tex.Civ.App., 221 S.W. 235), even though they are accompanied by acts tending to show that the declarant really entertained the opinion so expressed; * * * Expressions of opinion as to whose fault caused the accident are generally not admissible as part of the res gestae (San Antonio Public Service Co. v. Alexander, Com. App., 280 S.W. 753; A.B.C. Storage & Moving Co. v. Herron, Tex.Civ.App., 138 S.W.2d 211, error dismissed judgment correct—Red Arrow Freight Lines v. Gravis, Tex.Civ.App., 84 S.W.2d 540, Rosenthal Dry Goods Co. v. Hillebrandt, Civ.App., 280 S.W. 882), but in a number of cases spontaneous exclamations by the person causing the injury that it was his fault have been held to be admissible (Galveston Transit Co. v. Morgan, 408 S.W.2d 728, Tex.Civ.App.—Houston 1966)."

In Galveston Transit Co. v. Morgan, 408 S.W.2d 728, Justice Coleman speaking for the First Court of Civil Appeals, said of the following testimony:

> "* * * 'He said "it's not your fault at all." He said "I'm to blame for it." He said, "I got a broken toe and when I got on the brake that toe hurt me and I took it off," and he said "I couldn't stop for the stop sign, I got a broke toe." '

> "The statement was spontaneous and was made within such time after the collision as to indicate that the speaker was still dominated by emotion and had not returned to normal calmness. If otherwise admissible, the statement constituted res gestae and should have been admitted as an exception to the hearsay rule."

In 29 Am.Jur.2d, Sec. 718, the text writers said at page 784:

> "* * * that if an utterance tends to elucidate an accident, and if it appears in its nature, manner, and circumstances to have been so responsive to the mental impact of the accident as to be but an unconsidered reproduction of what the speaker has seen or experienced, and if it was made so soon after the accident as to render it improbable that perverting motive or false memory has intervened, it is admissible in evidence. * * *"

In 53 A.L.R.2d, page 1245, annotations on admissibility of res gestae statements or exclamations relating to the cause of or responsibility for, motor vehicle accidents at Section 16, page 1287, it is said that:

> "Although it would seem clear that opinions as to the cause of or responsibility for a motor vehicle accident are admissible as a part of the res gestae or as spontaneous exclamations if they meet the tests embodied in such rules of admissibility, a number of courts have denied admission to statements alleged to be of this kind, stating that the character of such statements as 'opinions' bars application of the res gestae and spontaneous exclamation principles."

Citing San Antonio Public Service Co. v. Alexander, 280 S.W. 753 (Tex.Civ.App. 1926); Morgan v. Maunders, 37 S.W.2d 791 (Tex.Civ.App.-Ft. Worth 1930, error dismissed); Red Arrow Freight Lines v. Gravis, 84 S.W.2d 540 (Tex.Civ.App.-San Antonio 1934).

In 24 Tex.Jur.2d, Sec. 586, Evidence, the authors attempt to summarize the Texas rule that opinions are not admissible under the res gestae rule (where the opinion in question is purely the product of reflection

or premeditation). However, they qualify such rule by saying:

"* * * However, it must be remembered that the res gestae rule is concerned with the relevancy of evidence, instead of its nature or its probative force. Consequently, it is aptly observed that if a particular statement was actually made as part of the principal transaction or event, it is then immaterial whether it was an opinion, a statement of fact, or merely an exclamation."

Recent developments concerning spontaneous exclamations as to their admissibility in opinion type statements are collected in the Southwestern Law Journal which has set forth an excellent commentary on the cases and rules in Texas. There they say:

"If the spontaneous utterance is also an opinion, there is a split of authority whether it should be admitted. If allowed, it must come in as an exception, not only to the Hearsay Rule, but also to the Opinion Rule. By the weight of authority, in Texas and elsewhere, this is one rule too many. The courts have taken the position that, since the declarant would not be allowed to give his opinion if he were testifying in court, his opinion given out of court is similarly unacceptable. However, some have admitted highly opinionated statements because they were part of the res gestae. Others have said the statement by a participant was not really an opinion or conclusion because he was there and knew what happened. Opinion statements have also been admitted for impeachment purposes if the declarant took the stand and said he did not make any statement at the scene of the accident * * *." 18 Southwestern Law Journal 313, at 315–316.

It seems clear that the modern text writers and courts are leaning toward the admission of such opinion statements where they are spontaneous, a part of the res gestae, and couched in language setting forth a shorthand rendition of the facts, or are used for an impeachment purpose.

Here the timing of the statement was not made clear from the testimony; the yellow blinking light was a block away and had little, if anything, to do with the accident in question; and the witness's rendition of the statement apparently bore little importance to events that had just taken place, as he had to be reminded again "what else did he say?" The court offered to admit the first part of the statement apparently for impeachment purposes. This was proper.

Lastly, the failure to admit the opinion of the defendant that it was his fault, could not be reversible error to the appellant's cause, since the jury has already found the appellee guilty of three counts of negligence, all of which were found to be a proximate cause of the accident. I find no authority which would permit the opinion to be used for the purpose of exonerating contributory negligent acts. This point is overruled.

The judgment of the trial court is affirmed.

GREEN, Chief Justice (concurring).

I am in agreement with Justice Nye's disposition of appellants' 1st and 2nd points of error and adopt that portion of the opinion.

I concur in his ruling that the exclusion from evidence of the testimony of the witness Malinowski that shortly after the accident, defendant Layton in a conversation with the witness at the latter's home stated with reference to the accident: "I guess it was my fault" was not *reversible* error. However, since this was a remark made by the defendant himself, in connection with a factual statement about the collision which the trial court did not exclude, it is my opinion that the trial court actually was in error in refusing to admit it.

In Isaacs v. Plains Transport Company, 367 S.W.2d 152, our State Supreme Court, in a per curiam opinion, held as follows:

"We also hold that testimony of the plaintiffs that the driver of the truck stated that he was at fault and that if he had been three feet further back he could have missed the plaintiffs' automobile was not admissible. These statements of the driver were pure conclusions and opinions, were not offered for impeachment, and were not admissible *against the employer* even though made immediately after the collision. Gulf C. & S. F. Ry. Co. v. Montgomery, 85 Tex. 64, 19 S.W. 1015; Red Arrow Freight Lines, Inc. v. Gravis, Tex.Civ.App., 84 S.W.2d 540, no writ history." (Emphasis added.)

In Gulf, C. & S. F. Ry. Co. v. Montgomery, supra, one of the cases cited in the above quotation, the holding on this point was that "The declaration of the witness Hamilton, made immediately after the accident, was that of a mere bystander expressing an opinion, and was not admissible as a part of the *res gestae*. It was properly excluded."

The court in *Red Arrow*, the other authority cited *Isaacs*, supra, in holding inadmissible the statement of the driver of appellants' truck to the effect that the accident was his fault, said (84 S.W.2d p. 543):

"Shares was not the owner of the Red Arrow truck; he was only employed by appellant to drive the truck, and would not have implied authority to confess liability. This statement seems to be so disconnected with the accident as not to become a part of the res gestae. However, if it be regarded as a part of the res gestae, it was not a statement of any fact, it was at most a conclusion and was concerning a mixed question of law and fact, and was the ultimate issue to be decided by the jury. It invaded their province. *Such a statement made by an agent, who had no apparent authority, under the circumstances and at the time shown, was not binding on the principal, and should have been excluded."* citing authorities. (Emphasis added.)

Thus it will be noted that in each of these three cases, Isaacs, Montgomery, and Red Arrow, the courts, in excluding the opinion, emphasized the fact that the speaker was a *non-party to the suit*, either an employee of defendant or a bystander. This is also true in the Galveston Transit Co. case, Tex.Civ.App., 408 S.W.2d 728 cited in Justice Nye's opinion, where the appellate court held that it was not error for the trial court to exclude the res gestae opinion testimony of the driver of the car involved in the collision with appellant's bus, since he was not a party to the suit, the evidence was cumulative, and it was undisputed that he ran a red light.

In our case the evidence excluded was not a spontaneous statement, and was not res gestae of the accident. However, in my opinion this is immaterial, since it was the defendant himself who spoke it. It *was offered both as original and impeaching evidence*, since the defendant had earlier denied making it. Although I believe that the excluded evidence should have been admitted, both as direct and impeaching testimony, I further feel that any error of the trial court became immaterial and harmless in view of the jury's findings that the defendant was at fault. This is the ultimate holding of Judge Nye's opinion, and I am in agreement therewith.

## CONCURRING OPINION

SHARPE, Justice.

I concur in affirmance of the judgment for the reasons stated in this opinion.

I agree that appellants' first and second points of error are without merit and should be overruled. The jury findings in answer to special issues 8 and 9 that appellant Beatrice Gonzalez failed to keep a proper lookout and that such failure was a proximate cause of the collision in question are not against the great weight and preponder-

ance of the evidence as to be manifestly wrong and unjust. Appellants' recovery herein was precluded only because of such unfavorable findings since other jury findings established three separate grounds of recovery against appellee along with findings of damage. The overruling of appellants' first two points leaves only the question as to whether their point three presents reversible error. I agree that it does not.

In my view, the exclusion of the testimony of the witness Malinowski to the extent it attributed the statement "I guess it was my fault" to the appellee, was not error. The statement is not sufficient to show that appellee made a statement of fact or a statement which amounted to a shorthand rendition of the facts or that appellee even expressed a firm opinion about the subject of fault. The statement amounted to no more than a "guess" about a conclusion—that of fault. The word "fault" can be used to express a conclusion of fact or a mixed conclusion of fact and law, and sometimes may express a conclusion of law. According to the witness Malinowski, the above-mentioned statement followed another statement by appellee that "I don't know why it happened." The ruling of the trial judge excluding the testimony that appellee made the statement "I guess it was my fault" can be sustained on the basis that it was *not* shown to be anything more than surmise, conjecture or speculation.

It is further my view that exclusion of the tendered testimony does not require consideration of its admissibility under rules relating to res gestae. In the court below appellants did not offer the testimony of the witness Malinowski on the basis that appellee had made a statement which was part of the res gestae, nor have appellants presented or argued their third point in this Court on the basis of res gestae. Appellants' offer of such testimony in the trial court and their argument in this Court was and is on the basis that the statement attributed to appellee was admissible as an admission against interest (contending that it was a short-hand rendition of the facts) and for impeachment. I do not believe that we need to reach any of these questions for the reasons heretofore stated, i. e., the attributed statement could have been and was properly excluded because it was a "guess" about a conclusion and involved at best only surmise, conjecture or speculation.

The parties herein have not cited any Texas case directly involving the word "guess". The Texas Digest volume on Words & Phrases does not list or index the word. In 23 Tex.Jur.2d, Evidence, Sec. 455, page 662, it is stated: "Opinions in the nature of mere guesses, surmises, and conjectures are inadmissible" with a reference to footnote number 12 which collects a large number of cases, mostly decisions of the Texas Court of Criminal Appeals. Representative of these cases is Gilbreth v. State, 124 Tex.Cr.App. 465, 63 S.W.2d 560, 561 (1933), in which the Court held: "However, an opinion or impression which is a mere guess is not admissible." In Volume 18A of the permanent edition of Words & Phrases under the word "guess" there is a collection of fourteen cases, including those in the pocket part, from other jurisdictions. Several of these cases involve testimony given on the witness stand or by deposition where the word "guess" was sometimes used by the witnesses concerning the facts involved, such as speed, distance, size or time. See Smith v. Commonwealth of Kentucky, 282 S.W.2d 840 (Ct.Appeals, Ky., 1955); State v. Clayton, 272 N.C. 377, 158 S.E.2d 557 (Sup.Ct. N.C., 1968); Finnerty v. Darby, 391 Pa. 300, 138 A.2d 117 (Sup.Ct.Pa.1958), dissenting opinion of Justice Musmanno at 138 A.2d 128.

In Smith v. Commonwealth of Kentucky, supra, the court held in part as follows:

"Error is claimed in the admission of the testimony of John Grigsby. He was directly across the hollow from the highway and about 360 feet from the point where the woman was struck and had

seen the car coming about a hundred yards before it struck her. He testified that he had ridden in automobiles and trucks enough to be able to fairly judge the speed of an oncoming car and that 'as near as I could say, it might have been running about 50 or 60 miles per hour.' On his cross-examination, he said he was 'guessing' at the speed 'but a man can make a pretty good guess.' The appellant contends the testimony was inadmissible because the witness was not qualified to express a judgment or opinion; that he had no opportunity and was in no position to judge the speed; and, that he was merely guessing at the rate.

"The rate of speed of an automobile at a given time can rarely be given with anything like mathematical exactness, so that an estimate of speed or expression of opinion in regard to it is generally viewed as a matter of common observation of a fact rather than of an expert opinion requiring technical knowledge. A witness testifying to the speed of an automobile is not required to have any special skill or expert training but is competent to testify if he is able to understand and appreciate the common factors of time and distance. His qualification and opportunity of observation and all the attendant conditions and circumstances affect the weight of his testimony, which is, of course, for the jury to determine. Wilder v. Cadle, 227 Ky. 486, 13 S.W.2d 497; Rose v. Edmonds, 271 Ky. 36, 111 S.W.2d 427; Miracle v. Flannery's Adm'r, Ky., 259 S.W.2d 689. The term 'guess' is not regarded as being a mere conjecture or speculation but as a colloquial way of expressing an estimate or opinion. It is a word frequently used where a witness is called upon to make estimates of speed or distance or size or time. Like the words 'suppose' or 'think', it is commonly used as meaning the expression of a judgment with an implication of uncertainty. Webster's International Dictionary. Collier v. Com-

monwealth, 303 Ky. 670, 198 S.W.2d 974."

The above-cited case was followed by the Supreme Court of North Carolina on the question of testimony as to speed in State v. Clayton, supra.

In Finnerty v. Darby, supra, the Supreme Court of Pennsylvania considered the word "guess" in connection with the subject of speed of a vehicle and held the testimony admissible where it was apparent that the witness was expressing an opinion based on observation, was unable to testify as to exact speed and was giving his best opinion of approximate speed. Justice Musmanno dissented for a number of reasons. His discussion of the use of the word "guess" is found at 138 A.2d 137–139. In his view, the testimony of a witness who sometimes used the word "guess" as to speed of a vehicle was inadmissible where it was coupled with testimony that "I don't know." The concluding paragraph of Justice Musmanno's dissenting opinion on the phase of the case involving a "guess" is as follows:

"Of course, it is true, as quoted in the Majority Opinion, that on two or three occasions in a deposition of some 65 pages the witness did give an approximation of the speed of Finnerty's car before the accident, but his deposition was so interspersed, interlarded, and intermixed with ever-recurring 'I don't knows' as to ruin its probative value. At any rate, what I deplore is the fact that the Majority, by placing its stamp of approval on this type of testimony, invites a transformation of the witness stand into a conjecturing stand, and does not even frown upon a 13th chair being drawn up in the jury room to accommodate a frowsy visitor who has no right in the Halls of Justice anywhere—Mr. Guess himself."

In this case we are not dealing with a witness on the stand who uses the word "guess" in connection with his own testimony involving matters of fact such as

speed, distance, size or time. Instead, we are here concerned with a witness not a party to the suit and not a witness to the accident in question who gives testimony as to what the appellee told him at some undetermined time after the accident involving a "guess" about fault, coupled with another statement of appellee that "I don't know why it happened." I am unwilling to hold that the trial judge committed error in excluding the proffered testimony of the witness Malinowski. I do not believe that the testimony was of such a nature as to be admissible on the record presented here. However, if it was admissible on any of the theories relied upon by appellants, I am convinced that appellants have not demonstrated the error in excluding it was reasonably calculated to cause and did cause rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

For the foregoing reasons I have voted to affirm the judgment of the trial court denying appellants a recovery.